**John Michael VIEIRA, Appellant,**

v.

**Jerry J. PRESLEY, Director, Missouri Department of Conservation; George J. Manville, Regional Supervisor, Missouri Department of Conservation; John V. Frye, Assistant Protection Division Chief, Missouri Department of Conservation; Robert B. King, Chief of Protection; David Hurlbut, Director of Protection Division, Missouri Department of Conservation, Appellees.**

No. 92–2528.

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 12, 1993.

Decided March 17, 1993.

William Margulis, St. Louis, MO, argued (Arthur Margulis on the brief), for appellant.

Jane A. Smith, Jefferson City, MO, argued, for appellee.

Before LOKEN and HANSEN, Circuit Judges and MURPHY,* District Judge.

* The HONORABLE DIANA E. MURPHY, Chief Judge of the United States District Court for the District of Minnesota, sitting by designation.

1. The Honorable Jean C. Hamilton, United States District Judge for the Eastern District of Missouri.

DIANA E. MURPHY, District Judge.

John Michael Vieira appeals from an order dismissing his claims of constructive discharge in violation of his First Amendment right of association. The district court [1] ruled that the officials were entitled to qualified immunity. We affirm.

Since the district court dismissed for failure to state a claim upon which relief can be granted, allegations of the second amended complaint provide the starting point for analysis. The following are all the alleged facts.

Vieira was an above average employee of the Missouri Department of Conservation from 1983 until late in 1989. During November 1989, law enforcement agents interviewed Vieira in connection with their investigation of activities of friends and acquaintances in his hometown. Defendants or their agents attended the interview and let Vieira know that he should cooperate. When he denied participating in or knowing about the alleged illegal activities, defendants or their agents communicated that he would be prosecuted and that he should resign his position or be discharged.

Specific allegations were made against three officials of the Department.[2] Vieira claimed that John V. Frye, Assistant Protection Division Chief, introduced him to the investigating officers on November 30, 1989, and told him he could not leave the room where he was detained for three hours of questioning. Frye then advised Vieira that he could choose to resign for personal reasons or be publicly fired. Defendant Robert B. King, Chief of Protection, and George J. Manville, Vieira's immediate supervisor, advised Vieira that although he had been an excellent conservation agent, he could no longer work for the Department if he chose to act undercover for law enforcement.

2. The claims against defendants Jerry J. Presley and David Hurlbut were dismissed on the basis that their personal involvement was not alleged. This ruling has not been appealed.

Vieira resigned because of the threat of being prosecuted for alleged illegal activities and the threat of being fired. He was constructively discharged and/or forced to resign on the basis of his association with individuals in his hometown in violation of the First Amendment. Defendant officials acted under color of law in violation of 42 U.S.C. § 1983.

The district court held that these allegations did not state a violation of a clearly established right of freedom of association and granted defendants' motion to dismiss. On appeal Vieira argues that his allegations of the violation of the right to associate with friends and acquaintances were sufficient to state a claim under § 1983.

■■■ A public official performing discretionary functions is immune from liability for civil damages if his conduct does not violate clearly established constitutional rights of which a reasonable official would have known. *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 2736, 73 L.Ed.2d 396 (1982). A right is clearly established if "a reasonable official would understand that what he is doing violates that right ..." *Anderson v. Creighton*, 483 U.S. 635, 640, 107 S.Ct. 3034, 3039, 97 L.Ed.2d 523 (1987). To be entitled to qualified immunity, an official's conduct must be objectively reasonable with reference to clearly established law. *Davis v. Scherer*, 468 U.S. 183, 191, 104 S.Ct. 3012, 3017, 82 L.Ed.2d 139 (1984).

■ The leading case on the types of association protected by the First Amendment is *Roberts v. United States Jaycees*, 468 U.S. 609, 104 S.Ct. 3244, 82 L.Ed.2d 462 (1984). *Roberts* discussed two types of association entitled to constitutional protection. The first amendment protects certain associations for expressive purposes, including "a wide variety of political, social, economic, educational, religious and cultural ends." 468 U.S. at 622–23, 104 S.Ct. at 3252. Certain intimate relationships which are close to a fundamental element of personal liberty should also be protected from state interference. 468 U.S. at 618–21, 104 S.Ct. at 3249–51.

Vieira does not allege any expressive purpose to his associations with friends and acquaintances.[3] The allegations, viewed in the light most favorable to Vieira, reveal no protected political, social, economic, educational, religious or cultural purpose to these associations. We agree with the district court that the second amended complaint fails to state a cognizable constitutional claim of any protected right of association for expressive purposes.

Intimate relationships protected under the First Amendment right of freedom of association include "those that attend the creation and sustenance of a family." 468 U.S. at 619, 104 S.Ct. at 3250. A large, unselective organization like the United States Jaycees is not sufficiently intimate to be afforded the right to freedom of association. 468 U.S. at 621, 104 S.Ct. at 3251. Other examples of unprotected associations are motel room liaisons lasting less than ten hours, *FW/PBS, Inc., v. Dallas*, 493 U.S. 215, 110 S.Ct. 596, 107 L.Ed.2d 603 (1990), and the activities of dance hall patrons, who may number more than one thousand on a given night, *Dallas v. Stanglin*, 490 U.S. 19, 109 S.Ct. 1591, 104 L.Ed.2d 18 (1989). Between the clearly protected area of family relationships and these cases where there was insufficient intimacy to allow constitutional protection, "lies a broad range of human relationships that may make greater or lesser claims to constitutional protection ... We need not mark the potentially significant points on this terrain with any precision." 468 U.S. at 620, 104 S.Ct. at 3251. The gray area between the poles is as yet uncertain.

Vieira argues that friendships and acquaintances deserve constitutional protection, citing *Wilson v. Taylor*, 733 F.2d 1539 (11th Cir.1984). In that pre-*Roberts* case, the Eleventh Circuit held that a police officer's right to freedom of association was

---

**3.** Although the second amended complaint alleges generally that Vieira was constructively discharged because of his associations, the specific allegations state that he was told to resign or be fired if he did not cooperate with law enforcement, not that he was told to resign for associating with his friends or acquaintances.

violated by terminating him because of the woman he chose to date. A dating relationship is closer to the kind of association recognized in *Roberts* as protected than the vague type of relationship alleged by Vieira.

The second amended complaint does not allege a close, intimate relationship of the type recognized as protected in *Roberts*. It merely characterizes Vieira's associates as friends and acquaintances. These are the sorts of relationships which the Supreme Court did not "mark ... with any precision." 468 U.S. at 620, 104 S.Ct. at 3251. There is no clearly established law whether or not associations with friends and acquaintances are sufficiently intimate to be entitled to the constitutional protection of freedom of association.[4] Moreover, in this case no facts are alleged to show the nature or quality of Vieira's relationships.

A reasonable official in the place of these defendants would not have understood that his alleged actions violated a protected right to freedom of association, and the defendants are entitled to qualified immunity under *Anderson v. Creighton,* 483 U.S. 635, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987), and *Harlow v. Fitzgerald,* 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982). Under these circumstances it is not necessary to explore further the reach of the First Amendment.

Accordingly, we affirm.

---

[4] Vieira's brief on appeal requested oral argument "because of the uncertainty among the Federal Courts of the First Amendment right to freedom of association." Where courts are uncertain of the parameters of a right, no reasonable public official can be expected to know that a clearly established constitutional right is being violated.