**Corrine OROZCO, Plaintiff,**

v.

**COUNTY OF MONTEREY and Natividad Medical Center, Defendants.**

No. C–96–20175–EAI.

United States District Court,
N.D. California,
San Jose Division.

Sept. 20, 1996.

Mary–Margaret O'Connell, Law Offices of Mary–Margaret O'Connell, Monterey, CA, for plaintiff.

Susan M. Dauphine, Fenton & Keller, Monterey, CA, for defendants.

ORDER DENYING DEFENDANTS' MOTION TO DISMISS IN PART AND GRANTING DEFENDANTS' MOTION TO DISMISS IN PART WITH LEAVE TO AMEND

INFANTE, United States Magistrate Judge.

## I. *INTRODUCTION*

Defendants County of Monterey ("the County") and Natividad Medical Center ("Natividad") move to dismiss plaintiff Corrine Orozco's First Amended Complaint ("the Complaint") pursuant to Rule 12(b)(6), Fed. R.Civ.P., for failure to state a claim upon which relief may be granted, and for more definite statement pursuant to Rule 12(e), Fed.R.Civ.P. For the reasons set for below, the motion to dismiss is DENIED IN PART and GRANTED IN PART with leave to amend; and the motion for more definite statement is DENIED.

## II. *BACKGROUND*

Plaintiff's Complaint, filed April 10, 1996, alleges constitutional violations under 42 U.S.C. § 1983 (first cause of action); constitutional violations directly under the U.S. Constitution (second and third causes of action); employment discrimination based on gender and national origin under 42 U.S.C. § 2000e (fourth cause of action) and Cal. Govt.Code § 12940 *et seq.* (fifth cause of action); and violation of public policy (sixth cause of action). Defendants move for dismissal of the first five of plaintiff's causes of action. Defendants, on this motion, do not challenge plaintiff's sixth cause of action for violation of public policy.

Plaintiff alleges that she was an employee of defendants. Cmplt. ¶ 9. She alleges that her employment was terminated by defendants amidst wrongful criminal allegations made against her by defendants. Cmplt. ¶¶ 9–13. Plaintiff alleges that the wrongful allegations were to the effect that she participated with four other female co-workers in a scheme to steal controlled substances from Natividad. Cmplt. ¶¶ 9–10. Plaintiff alleges that defendants conducted an investigation of these alleged illicit activities and then terminated her and the other females' employment without any pre- or post-deprivation hearing. Cmplt. ¶¶ 13, 17, 21, 36–37. She further alleges that she and the other female suspects were criminally prosecuted at the urging of defendants and that the charges were dismissed by Monterey County Municipal Court Judge Maldonado on the ground that the women were the victims of gender bias and selective prosecution. Cmplt. ¶¶ 14, 16–18. Plaintiff alleges that a male employee who was implicated in the scheme—Jay Kitahara—was neither investigated, terminated, prosecuted nor otherwise disciplined. Cmplt. ¶¶ 11–18.

## III. *STANDARDS*

Pursuant to Rule 12(b)(6), a complaint may be dismissed for failure to state a claim upon which relief can be granted. For purposes of evaluating a motion to dismiss, the complaint is construed in the light most favorable to plaintiff and its allegations are taken as true. *Abramson v. Brownstein,* 897 F.2d 389, 391 (9th Cir.1990). Dismissal can be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir. 1988); *Robertson v. Dean Witter Reynolds, Inc.,* 749 F.2d 530, 533–34 (9th Cir.1984). However, a complaint should not be dismissed under Rule 12(b)(6) "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957).

As to those portions of a complaint which the court finds do not state a claim for relief, leave to amend is ordinarily given freely. Fed.R.Civ.P. 15(a). A complaint or any claim in it should be dismissed without leave to amend only if "it is 'absolutely clear that the deficiencies of the complaint could not be cured by amendment.'" *Noll v. Carlson,* 809 F.2d 1446, 1448 (9th Cir.1987).

## IV. DISCUSSION

### A. Plaintiff's Causes of Action for Constitutional Violations Asserted Directly Under the U.S. Constitution.

■ Plaintiff asserts her second and third causes of action for constitutional violations *directly* under the U.S. Constitution; i.e., not under the umbrella of 42 U.S.C. § 1983.[1] However, as stated by the Ninth Circuit in *Azul–Pacifico, Inc. v. Los Angeles*, 973 F.2d 704, 705 (9th Cir.1992), *cert. denied*, 506 U.S. 1081, 113 S.Ct. 1049, 122 L.Ed.2d 357 (1993), a "[p]laintiff has no cause of action directly under the United States Constitution.... [A] litigant complaining of a violation of a constitutional right must utilize 42 U.S.C. § 1983." Thus, the second and third causes of action must be and hereby are deemed to be asserted under § 1983 and subject to the requirements of that statute.

### B. Plaintiff's Allegations of "Custom and Policy."

■ Defendants challenge the Complaint on the ground that it fails to adequately allege the existence of any local governmental policy or custom that resulted in the deprivation of any of the federally protected rights plaintiff claims were violated, as required to state a § 1983 claim. *See* Defendants' Memorandum of Points and Authorities in Support of Motion to Dismiss ("Defs.' Motion") at 2–3. Defendants base this challenge on *Monell v. Dep't of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978) and *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 105 S.Ct. 2427, 85 L.Ed.2d 791 (1985). However, neither *Monell* nor *City of Oklahoma* address the requirements of § 1983 at the pleading stage. Although plaintiff does not point to any case law in her opposition brief, she is correct that she should not be held to overly stringent pleading requirements.

In *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 167–68, 113 S.Ct. 1160, 1162–63, 122 L.Ed.2d 517 (1993), the Supreme Court rejected the argument that, in order to satisfy the pleading requirements of § 1983, a plaintiff must plead more than a single instance of misconduct. The *Leatherman* Court ruled that such a requirement was inconsistent with the "notice pleading" requirements of the Federal Rules of Civil Procedure. *Id.* at 168, 113 S.Ct. at 1163. Indeed, even prior to *Leatherman*, the Ninth Circuit was upholding § 1983 claims "based on nothing more than a bare allegation that the individual officers' conduct conformed to official policy, custom, or practice." *See Shah v. Los Angeles*, 797 F.2d 743, 747 (9th Cir.1986). *See also Karim–Panahi v. Los Angeles Police Dep't*, 839 F.2d 621 (9th Cir.1988); *Evans v. McKay*, 869 F.2d 1341 (9th Cir.1989). Therefore, plaintiff's allegations that the defendants have "long engaged in a continuing course of conduct, policy and custom, whereby women have been treated differently that [sic] similarly situated men in the terms and conditions of employment, including discipline and prosecution for wrongdoing" (*see* Cmplt. ¶ 22), that "[t]he acts described are a pattern and practice within the operations of said public entities and reflect the policies and customs of said public entities" (*see* Cmplt. ¶ 30), and that "said discrimination is a policy and practice of defendants and was a substantial factor forming the basis of the conduct of defendants" (*see* Cmplt. ¶ 50) are sufficient.

Accordingly, defendants' motion to dismiss the first, second and third causes of action under § 1983 on the ground that plaintiff has not adequately pled the existence of any local government policy or custom is DENIED.

### C. Plaintiff's Claim of Denial of Procedural Due Process in Connection with the Termination of Her Employment.

■ To prevail on a claim that termination of employment constituted a denial of property without due process of law, a plaintiff must plead a protected property interest in continued employment. State law defines what is and what is not property. "Property interests ... are not created by the Constitu-

---

1. Defendants implicitly challenge these causes of action asserted directly under the U.S. Constitution as infirm by assuming, for purposes of their motion, that plaintiff is bringing all her claims of constitutional violation under the auspices of § 1983.

tion. Rather, they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law...." *Board of Regents v. Roth*, 408 U.S. 564, 577, 92 S.Ct. 2701, 2709, 33 L.Ed.2d 548 (1972). Although plaintiff asserts in her opposition that "[i]t is well established that a permanent public employee has·a property interest in her continuing employment...." (citing *Board of Regents supra* and *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985)), she does not allege in the Complaint that she was a permanent public employee. Nor does she allege any existing rules or requirements affecting the tenure or nature of her employment. The most plaintiff alleges is that "plaintiff enjoyed employment security and employment benefits until plaintiff suffered ethnic based and gender based discrimination as described in this complaint." *See* Cmplt. ¶ 53. However, plaintiff's prior "enjoyment" of job security does not adequately allege the existence of a federally protected property interest in continuing employment.

Accordingly, defendants' motion to dismiss the first, second and third causes of action under § 1983 on the ground that plaintiff has not adequately alleged violation of procedural due process in connection with the termination of her employment is GRANTED with leave to amend.

### D. Plaintiff's Claim of Denial of Procedural Due Process in Connection with Her Liberty Interest in Freedom from Stigma.

■■■ " '[W]hen the government dismisses an individual for reasons that might seriously damage his standing in the community, he is entitled to notice and a hearing to clear his name. To implicate constitutional liberty interests, however, the reasons for dismissal must be sufficiently serious to "stigmatize" or otherwise burden the individual so that he is not able to take advantage of other employment opportunities. Moreover, to infringe upon a constitutionally protected liberty interest, the charges must be published.' " *Portman v. Santa Clara*, 995 F.2d 898, 907 (9th Cir.1993) (citations omitted). Plaintiff has adequately alleged all the elements of a "liberty interest" claim *except* for the element of publication.[2]

■■■ In order for plaintiff to satisfy the "publication" requirement, plaintiff must plead that the *defendants* published the allegedly false and stigmatizing information *to the public*. Plaintiff has not so alleged. Plaintiff has alleged only that the information was disseminated within her department and to law enforcement departments in the course of the investigation of plaintiff's activities.[3] This is not sufficient. *See, e.g., Learned v. Bellevue*, 860 F.2d 928, 933 (9th Cir.1988) (defamatory remarks that do not go beyond others employed by department do not satisfy "publication" requirement), *cert. denied*, 489 U.S. 1079, 109 S.Ct. 1530, 103 L.Ed.2d 835 (1989); *Hogue v. Clinton*, 791 F.2d 1318, 1322–23 n. 7 (8th Cir.) (referral of charges to prosecutor does not constitute "publication"), *cert. denied*, 479 U.S. 1008, 107 S.Ct. 648, 93 L.Ed.2d 704 (1986); *Willbanks v. Smith County, Texas*, 661 F.Supp. 212, 217 (E.D.Tex.1987) (liberty interest not implicated if allegedly false charges were not published outside the government agency or were divulged in the course of legal proceedings); *Harrison v. Bd. of Cty. Com'rs*, 775 F.Supp. 365, 367 (D.Colo.1991) (intragovernment dissemination of information related to a public employee's discharge does not satisfy "publication" requirement).

■■■ Moreover, plaintiff's allegation that *she* was "[forced] ... to republish the false information to explain her circumstances" is also insufficient. *See Derstein v. Kansas*, 915 F.2d 1410, 1414 (10th Cir.1990) (no liberty interest impinged when plaintiff himself

---

2. " 'Charges that carry the stigma of moral turpitude' such as dishonesty or immorality 'may implicate a liberty interest.' " *Portman*, 995 F.2d at 907. Plaintiff has alleged that such charges were made against her and that she has been thereby burdened in connection with other employment opportunities. *See* Cmplt. ¶ 35.

3. Plaintiff's allegation that certain individuals involved in the acts of which she complains "told others" of the allegedly false information (*see* Cmplt. ¶ 10) is too vague.

reveals reasons for discharge in response to questions by prospective employers), *cert. denied,* 499 U.S. 937, 111 S.Ct. 1391, 113 L.Ed.2d 447 (1991); *see also Campos v. Guillot,* 743 F.2d 1123, 1126 (5th Cir.1984) (where plaintiff demanded that charges be made public, "it was his own hand that was on the dagger").[4]

Accordingly, defendants' motion to dismiss the first, second and third causes of action under § 1983 on the ground that plaintiff has not adequately alleged violation of procedural due process in connection with her liberty interest in freedom from stigma is GRANTED with leave to amend.

### E. Plaintiff's Claim of Violation of the Equal Protection Clause.[5]

■ "The Equal Protection clause of the Fourteenth Amendment confers a 'federal constitutional right to be free from gender discrimination' at the hands of governmental actors." *Lindsey v. Shalmy,* 29 F.3d 1382, 1385 (9th Cir.1994) (citing *Davis v. Passman,* 442 U.S. 228, 234–35, 99 S.Ct. 2264, 2271, 60 L.Ed.2d 846 (1979)). *See also Bator v. Hawaii,* 39 F.3d 1021, 1028 (9th Cir.1994) (Equal Protection clause confers federal constitutional right to be free from gender discrimination in the workplace at the hands of government actors). Plaintiff's allegations that she and other female employees were disparately treated from similarly situated male employees in the course of being investigated, disciplined and prosecuted for alleged wrong-doing (*see generally* Cmplt. & at ¶ 28), and that defendants have "long engaged in a continuing course of conduct, policy and custom, whereby women have been treated differently that [sic] similarly situated men in the terms and conditions of employment, including discipline and prosecution for wrong-doing" (*see* Cmplt. ¶ 22) are sufficient to state a claim under the Equal Protection clause.

Accordingly, defendant's motion to dismiss the first, second and third causes of action under § 1983 on the ground that plaintiff has not adequately alleged violation of the Equal Protection clause is DENIED.

### F. Plaintiff's Claim of Violation of Her Freedom of Association.

■ Plaintiff alleges that her First Amendment right to freedom of association was violated "by [defendants] spreading untrue adverse comments about plaintiff to co-workers and others [alienating] others from plaintiff so that plaintiff was not free to chose [sic] her own associates [and] [f]urther, by branding plaintiff as a criminal because she associated with certain employees who were believed to have engaged in wrongful conduct." *See* Cmplt. ¶ 40(a).

Plaintiff's allegations regarding her associations with "co-workers and others" are not sufficient to implicate First Amendment guarantees. In *City of Dallas v. Stanglin,* 490 U.S. 19, 24, 109 S.Ct. 1591, 1594, 104 L.Ed.2d 18 (1989), the Supreme Court observed that protected First Amendment "associational" activity can take the form of both "expressive association" and "intimate association" (citing *Roberts v. U.S. Jaycees,* 468 U.S. 609, 104 S.Ct. 3244, 82 L.Ed.2d 462 (1984)). The *Stanglin* Court further noted that "[i]t is possible to find some kernel of expression in almost every activity a person undertakes—for example, walking down the street or meeting one's friends at a shopping mall—but such a kernel is not sufficient to bring the activity within the protection of the First Amendment." *Stanglin,* 490 U.S. at 25, 109 S.Ct. at 1595. Thus, in *Vieira v. Presley,* 988 F.2d 850, 852–53 (8th Cir.1993), the Eighth Circuit stated that (1) where a plaintiff does not allege any "protected political, social, economic, educational, religious or cultural purpose" to associations with friends and acquaintances, no cognizable claim of any protected right of association for "expres-

---

4. *McKinney v. Santa Clara,* 110 Cal.App.3d 787, 168 Cal.Rptr. 89 (1st Dist.1980), cited by plaintiff on this point, deals with the issue of "republication" in the context of a state law defamation claim, not a claim of violation of procedural due process. *See* Plaintiff's Response to Defendants' Motion ("Pltf.'s Response") at 9.

5. Although plaintiff does not expressly assert a claim for violation of the equal protection clause, the Complaint fairly sets out the allegations, and defendants assume in their motion that plaintiff is indeed attempting to make such a claim.

sive" purposes is stated; and (2) where a complaint "does not allege a close, intimate relationship of the type recognized as protected in [the Supreme Court's decision in *Roberts* ]," but "merely characterizes [plaintiff's] associates as friends and acquaintances" the complaint fails to state a claim of any protected right of "intimate" association. *See also Swank v. Smart,* 898 F.2d 1247, 1250–51 (7th Cir.) ("[t]he purpose of the free-speech clause and of its judge-made corollary the right of association is to protect the market in ideas.... Casual chit-chat between two persons or otherwise confined to a small social group is unrelated, or largely so, to that marketplace, and is not protected." (citations omitted)), *cert. denied,* 498 U.S. 853, 111 S.Ct. 147, 112 L.Ed.2d 113 (1990); *Holley v. Schreibeck,* 758 F.Supp. 283, 285 (E.D.Pa.) (plaintiff's allegation that defamatory statements by police " 'alienated, prohibited and inhibited' " her from visiting friends did not rise to level of First Amendment violation) (analyzing *Stanglin* and *Swank* ), *aff'd,* 944 F.2d 897 (3d Cir.1991). Plaintiff's allegations here are insufficient either to allege a violation of "expressive" association or "intimate" association.

Accordingly, defendants' motion to dismiss the first, second and third causes of action under § 1983 on the ground that plaintiff has not adequately alleged violation of the First Amendment freedom of association is GRANTED with leave to amend.

### G. Plaintiff's Claim of Interference with Access to the Courts.

██ Plaintiff alleges that the District Attorney's office, by filing a notice of intent to appeal the dismissal of the criminal charges against plaintiff and by failing to "process the appeal as required by state statute," has denied plaintiff her constitutional right under the First Amendment to access the court system to pursue her grievances. *See* Cmplt. ¶ 20. Plaintiff fails to cite any authority for this proposition in her opposition brief and the court finds none.[6]

**6.** To the contrary, it would appear that plaintiff has had full access to the courts to vindicate her rights. Moreover, it would also appear that delay in the prosecution of the District Attorney's

Accordingly, defendant's motion to dismiss the first, second and third causes of action under § 1983 on the ground that plaintiff has not adequately alleged interference with her access to the courts is GRANTED with leave to amend.

### H. Plaintiff's Claim of Retaliation for Pursuing Litigation.

██ Plaintiff alleges that her First Amendment right to freedom of speech was abridged by defendants "engaging in retaliation against plaintiff because of her pursuit of the litigation process." *See* Cmplt. ¶ 40(b). However, plaintiff here has set forth no allegations regarding in what manner defendants retaliated against her for exercising her constitutional right to access the courts.

Accordingly, defendants' motion to dismiss the first, second and third causes of action under § 1983 on the ground that plaintiff has not adequately alleged retaliation in violation of plaintiff's First Amendment rights is GRANTED with leave to amend.

### I. Plaintiff's Claim of Invasion of Her Right to Privacy.

██ Plaintiff alleges that defendants invaded her right to privacy under the Fourth Amendment by improperly disclosing confidential administrative and personnel information. *See* Cmplt. ¶ 40(c). "Information falls within the ambit of constitutional protection when an individual has a 'legitimate expectation ... that it will remain confidential while in the state's possession' " and that expectation outweighs the public need for disclosure. *Sheets v. Salt Lake County,* 45 F.3d 1383, 1387 (10th Cir.), *cert. denied,* —— U.S. ——, 116 S.Ct. 74, 133 L.Ed.2d 34 (1995). *See also Cantu v. Rocha,* 77 F.3d 795, 806 (5th Cir.1996); *Eagle v. Morgan,* 88 F.3d 620, 625 (8th Cir.1996). At this stage, it cannot be said that plaintiff can prove no set of facts that she had a legitimate expectation that information in possession of defendants would remain confidential.

appeal beyond what is statutorily permissible can only prejudice the District Attorney, not plaintiff, who prevailed on her motion to dismiss before the municipal court.

Accordingly, defendants' motion to dismiss the first, second and third causes of action under § 1983 on the ground that plaintiff has not adequately alleged a violation of her right to privacy based on an expectation of confidentiality with respect to administrative and personnel information is DENIED.[7]

█ Plaintiff's additional claim that her constitutional right to privacy was invaded by the publication of false information about her (*see* Cmplt. ¶ 40(c)) does not state a cause of action. *See Baker v. Howard*, 419 F.2d 376 (9th Cir.1969) (constitutional right to privacy not implicated even when police officers circulate false rumors that person has committed a crime).

Accordingly, defendants' motion to dismiss the first, second and third causes of action under § 1983 on the ground that plaintiff has not adequately alleged a violation of her right to privacy based on the alleged publication of false information is GRANTED.

### J. Plaintiff's Claim of Violation of the Right Against Self-incrimination.

█ Plaintiff alleges that defendants violated her right against self-incrimination by: fail[ing] and refus[ing] to provide the suspects with proper administrative admonishments regarding their Fifth Amendment rights, Sixth Amendment rights, and other rights afforded to public employees under administrative investigation for matters that could result in criminal charges. Cmplt ¶ 15; *see also* Cmplt. ¶ 40(d). Plaintiff points to *Garrity v. New Jersey*, 385 U.S. 493, 87 S.Ct. 616, 17 L.Ed.2d 562 (1967) as authority for her claim. In *Garrity*, police officers were compelled under the threat of termination to answer incriminating questions in the course of an administrative investigation. Prior to questioning, each officer was warned, in accordance with state statute, that he had the right to refuse to answer questions if the answers would tend to incriminate him, but if he exercised such right, he would be subject to termination. *See id.*

at 494, 87 S.Ct. at 617. The *Garrity* Court concluded that the officers' statements had been coerced by the threat of job loss and, thus, could not be used against them in a subsequent criminal proceeding. *See id.* at 500, 87 S.Ct. at 620. *Garrity*, together with *Gardner v. Broderick*, 392 U.S. 273, 88 S.Ct. 1913, 20 L.Ed.2d 1082 (1968) and *Uniformed Sanitation Men Ass'n v. Commissioner of Sanitation*, 392 U.S. 280, 88 S.Ct. 1917, 20 L.Ed.2d 1089 (1968), has been interpreted over the years by circuit courts of appeal addressing the issue of alleged violation of the right against self-incrimination in the context of the termination of a public employee. The circuits vary as to what exactly is required for a public employee to set forth such a claim of violation of 5th Amendment rights. *See, e.g., Wiley v. Doory*, 14 F.3d 993 (4th Cir.1994) (canvassing cases from various circuits), *appeal after remand sub nom Wiley v. Mayor and City Council of Baltimore*, 48 F.3d 773, *and cert. denied*, —— U.S. ——, 116 S.Ct. 89, 133 L.Ed.2d 45 (1995); *Singer v. Maine*, 49 F.3d 837 (1st Cir.1995) (privilege not violated where plaintiff did not claim privilege, was not threatened with dismissal, and was not asked to waive immunity); *Wiley v. Mayor and City Council of Baltimore*, 48 F.3d 773 (4th Cir.) (privilege not violated where plaintiffs not asked to waive privilege and questions posed were narrowly job related), *cert. denied*, —— U.S. ——, 116 S.Ct. 89, 133 L.Ed.2d 45 (1995); *Arrington v. Dallas*, 970 F.2d 1441 (5th Cir.1992) (privilege violated where plaintiff was fired for refusing to waive rights against self-incrimination); *see also Cooper v. Dupnik*, 963 F.2d 1220 (9th Cir.) (violation of *Miranda* safeguards is actionable under § 1983 where resulting statements are actively compelled and coerced), *cert. denied*, 506 U.S. 953, 113 S.Ct. 407, 121 L.Ed.2d 332 (1992). However, the circuits appear to agree on at least one element—that the privilege against self-incrimination is not violated unless the public employee is *compelled* to waive his or her privilege.

---

**7.** Because neither of the parties specifically briefed this Fourth Amendment issue, the court is reluctant to make a final determination as to whether or not plaintiff has adequately stated a claim for violation of privacy under the Fourth Amendment. Therefore, while the court denies defendants' motion to dismiss this claim at this time, it does so with leave to defendants to challenge the adequacy of this claim in a later motion if they so desire.

Plaintiff has not alleged that she was compelled to waive her Fifth Amendment rights under threat of job loss or other disciplinary action. Rather, plaintiff's claims are akin to those addressed by the First Circuit in *United States v. Indorato*, 628 F.2d 711 (1st Cir.), *cert. denied*, 449 U.S. 1016, 101 S.Ct. 578, 66 L.Ed.2d 476 (1980). In *Indorato*, a state trooper (Indorato), convicted of criminal charges, contended that his statements made in response to questions asked by his superiors during a non-custodial administrative investigation were coerced. Indorato was *not:* (1) advised of his rights prior to questioning; (2) threatened with dismissal for refusal to answer questions; nor (3) asked to waive his Fifth Amendment rights. *Id.* at 714–15. Relying on *Garrity,* Indorato contended that the threat of dismissal was implied because he was being questioned by a superior officer and he was aware of departmental rules which provided for dismissal of officers who refused to obey orders of superiors. *Id.* at 715. Rejecting Indorato's argument, the First Circuit stated that:

> In this case, there was no explicit "or else" choice and no statutorily mandated firing is involved. We do not think that the subjective fears of defendant as to what might happen if he refused to answer his superior officers are sufficient to bring him within *Garrity* 's cloak of protection.
>
> . . . .
>
> Defendant, here, was not, as in *Garrity,* put "between the rock and the whirlpool[ ]"; he was standing safely on the bank of the stream.

*Id.* at 716–17 (citations omitted).

Like Indorato, plaintiff here has not alleged that she was compelled to surrender her Fifth Amendment right against self-incrimination. Accordingly, defendants' motion to dismiss the first, second and third causes of action under § 1983 on the ground that plaintiff has not adequately alleged a violation of her Fifth Amendment right against self-incrimination is GRANTED with leave to amend.[8]

### K. Plaintiff's Claims Under 42 U.S.C. § 2000e and FEHA.

Plaintiff concedes that her fourth cause of action under 42 U.S.C. § 1983 (Title VII) and her fifth cause of action under California Govt.Code § 12940 *et seq.* (FEHA) of discrimination based on national origin are infirm at this time for failure to exhaust administrative remedies prior to filing this lawsuit.

Accordingly, defendants' motion to dismiss the fourth and fifth causes of action is GRANTED IN PART with respect to discrimination based on national origin with leave to amend.

### L. Defendants' Motion for More Definite Statement.

Defendants assert in their motion for more definite statement that, due to vagueness in plaintiff's pleading, it is unclear (1) whether any persons involved in the alleged actions complained of are being sued individually; and (2) what statutory and/or constitutional violations plaintiff is alleging. First, neither the caption, nor the introductory paragraphs, of the Complaint name any persons as individual defendants, and plaintiff has acknowledged at oral argument that no individual defendants are named in the current complaint. Therefore, defendants have no further need for clarification on this issue. Second, the Complaint sufficiently identifies the statutes and constitutional provisions under which plaintiff is suing. The complaint is not so vague and ambiguous that defendants cannot frame a responsive pleading.

Accordingly, defendants' motion for more definite statement is DENIED.

---

8. Plaintiff further asserts in her opposition brief that her Fifth Amendment rights were violated on the ground that "she was entitled to the representative of her choice" during administrative investigation. *See* Pltf.'s Response at 9. This claim finds no support in *National Labor Relations Board v. J. Weingarten, Inc.*, 420 U.S. 251, 95 S.Ct. 959, 43 L.Ed.2d 171 (1975), cited by plaintiff. The *J. Weingarten* Court determined only that denial of a employee's request that a union representative be present at an investigatory interview constituted an unfair labor practice under the National Labor Relations Act. *See id.* at 260–62, 95 S.Ct. at 965–66. Accordingly, plaintiff has not stated a constitutional claim of Fifth Amendment violation on this basis.

## V. *CONCLUSION*

For the reasons set forth above, defendants' motion to dismiss is DENIED IN PART and GRANTED IN PART WITH LEAVE TO AMEND. Plaintiff may file and serve an amended complaint consistent with this order no later than October 15, 1996.

IT IS SO ORDERED.